UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONATHAN MANUEL, <br><br> Plaintiff, <br><br> vs. <br><br> RECEIVABLES PERFORMANCE MANAGEMENT, LLC, <br><br> Defendant. | Case No.: <br><br> COMPLAINT <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Jonathan Manuel ("Plaintiff"), by and through the undersigned attorney, as and for his Complaint against the Defendant Receivables Performance Management, LLC (hereinafter "Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), and which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*.

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d). *See also*, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff, Jonathan Manuel, is a natural person, who at all relevant times has resided in Seattle, Washington, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Receivables Performance Management, LLC is a debt collection agency and Washington business entity that regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another in this state and judicial district with its principal place of business located at 20816 44th Ave W., Lynnwood, WA 98036.

6. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. § 1692a(6).

7. Defendant at all times acted by and through one or more agents.

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

10. The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Within the last year, Defendant contacted Plaintiff in an attempt to collect a consumer debt allegedly owed by Plaintiff.

12. At all times mentioned herein, Defendant called Plaintiff's cellular telephone, number 206-xxx-7813, by using an automated telephone dialer system ("ATDS") and/or an artificial or prerecorded voice.

13. When Plaintiff answered calls from Defendant, he was met with a prerecorded message stating to hold for the next available representative and/or a pause and/or "dead air" before the call was transferred to a live human being.

14. Plaintiff never provided his cellular telephone number to Defendant and never provided his consent to be contacted on his cellular telephone.

15. Furthermore, during a live conversation with Defendant on or about October 15, 2014, Plaintiff requested that all communication to his cellular telephone number cease.

16. Despite the foregoing, Defendant continued to call Plaintiff at an annoying and harassing rate.

17. On or about January 8, 2015, Defendant was in receipt of an attorney representation letter from the Law Offices of Michael Lupolover, P.C.

18. The January 8, 2015 letter from the Law Offices of Michael Lupolover, P.C. outlined in great detail the dates and times of the illegal telephone calls.

19. Despite the foregoing in lines 17-18, Defendant continued to call Plaintiff at an annoying and harassing rate despite attorney representation.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

    a.    15 U.S.C. § 1692c(a)(2).

    b.    15 U.S.C. § 1692c(c).

    c.    15 U.S.C. § 1692d-preface and (5).

    c.    15 U.S.C. §1692e-preface, (2)(A), and (10).

    d.    15 U.S.C. §1692f-preface and (5).

22. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages, attorneys fees and costs in accordance with the FDCPA.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227, et seq.

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. Plaintiff never provided his cellular telephone number to Defendant and never provided his consent to be contacted on his cellular telephone.

25. Alternatively, any prior express consent Defendant claims it may have had was unequivocally revoked on or about October 15, 2014.

26. Without prior express consent Defendant contacted the Plaintiff by means of automatic telephone calls and prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

27. Defendant continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in

Plaintiff's Complaint                                                                                                       Symmes Law Group, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154

knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

28. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

29. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30. Defendant's telephone system has the capacity to store numbers in a random and sequential manner.

31. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

32. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Jonathan Manuel requests that this Court enter judgment against the Defendant RPM and on behalf of Plaintiff for the following:

    a. For actual damages provided and pursuant to 15 U.S.C. §1692k;

    b. For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k;

    c. For attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k;

    d. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

    e. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

  f. For an award of pre-judgment interest on all sums awarded and/or collected;

  g. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  March 18, 2015

    Respectfully submitted,

    By: /s/_____  
    Richard Symmes Esq., WSBA #41475  
    1001 4th Ave #3200  
    Seattle, WA 98154  
    Tel: 206-682-7975  
    Attorney for the Plaintiff Jonathan Manuel

Of Counsel  
Law Offices of Michael Lupolover, P.C.  
120 Sylvan Avenue, Suite 300  
Englewood Cliffs, NJ 07632